## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CLAUDIA SOTO | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| MOLLIVINI-CALUMET CITY, INC | ) | |
| MOLLIVINI-SOUTHHOLLAND, INC., | ) | Magistrate Judge |
| MOLLIVINI TORRENCE, INC., and | ) | |
| VICTOR DABHI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Claudia Soto, through her attorneys, against Defendants Mollivini-Calumet City, Inc., Mollivini-South Holland, Inc., Mollivini Torrence, Inc., and Victor Dabhi (hereafter "Defendants") states as follows:

### I.      NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* for Defendants': 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL; and 2) failure to pay Plaintiff all earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their earned and living wages. For the claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b). Plaintiff's consent to represent is attached hereto as Exhibit A.

## II.     JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

## III.     PARTIES

**Plaintiff**

3.      During the course of his employment, Claudia Soto:

    a.  handled goods that moved in interstate commerce;

    b.  Was an "employee" of Defendants as that term is defined by the FLSA, IMWL and the IWPCA; and

    c.  Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendants**

4.      Within the relevant time period, Defendant Mollivini-Calumet City, Inc:

    a.  Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b.  Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c.  Has had two or more employees that have handled goods that have moved in interstate commerce; and

    d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*., and the IWPCA 115 ILCS 115/1 *et seq.*

5. Within the relevant time period, Defendant Mollvini-South Holland, Inc:

    a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

    d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*., and the IWPCA 115 ILCS 115/1 *et seq.*

6. Within the relevant time period, Defendant Mollivini Torrence, Inc:

    a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

    d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*., and the IWPCA 115 ILCS 115/1 *et seq.*

7.    Within the relevant time period, Defendant Victor Dabhi:

    a. has been the owner and operator of Defendants Mollivini-Calumet City, Inc., Mollvini-South Holland, Inc., and Mollivini Torrence, Inc;

    b. among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the Defendants' checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

    c. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2;

    d. based on information and belief, resides in this judicial district.

## FACTUAL BACKGROUND

8.    Within the three years prior to the filing of this lawsuit, Plaintiff was employed by Defendants to work an hourly position at the respective Subway Sandwich Shop that is operated by each Defendant.

9.    Defendants Mollivini-Calumet City, Inc., Mollvini-South Holland, Inc., and Mollivini Torrence, Inc., are commonly owned and operate as a unified operation.

10.     Defendants Mollivini-Calumet City, Inc., Mollvini-South Holland, Inc., and Mollivini Torrence, Inc., share or shared common human resources during the relevant time period.

11.     Defendants Mollivini-Calumet City, Inc., Mollvini-South Holland, Inc., and Mollivini Torrence, Inc. shared control over Plaintiff's and other similarly situated employees' employment.

12.     Defendants Mollivini-Calumet City, Inc., Mollvini-South Holland, Inc., and Mollivini Torrence, Inc. were Plaintiff's joint employers.

13.     Within the three years prior to the filing of this lawsuit, Defendant regularly directed Plaintiff and similarly situated hourly employees to work in excess of forty hours per individual work weeks but Defendant failed to pay Plaintiff and similarly situated employees at time and half Plaintiff's regular rate.

14.     Defendants' failure to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours per week at Plaintiff's straight time rate violated the overtime requirements of the FLSA and the IMWL.

15.     Additionally Plaintiff has not received her final paycheck and has not been paid for all time worked at the rate agreed upon by the Parties.

**COUNT I**
**Violation of the Fair Labor Standards Act- Overtime Wages**
*Section 216(b) Collective Action*

16.     Plaintiff incorporates and re-alleges paragraphs 1 through 15 of this Complaint, as though set forth herein.

17.     The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

18.     Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

19.     Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

20.     Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

21.     Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

22.     Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.     A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C.     Liquidated damages in the amount equal to the unpaid overtime wages;

D.     That the Court declare that Defendants have violated the FLSA;

E.     That the Court enjoin Defendants from violating the FLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

**COUNT II**
**Violation of the Illinois Minimum Wage Law- Overtime Wages**
*Plaintiff on behalf of herself*

23.    Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint, as though set forth herein.

24.    The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

25.    Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

26.    Plaintiff was not exempt from the overtime wage provisions of the IMWL and was entitled to be compensated at time and a half her regular rate of pay for all time worked in excess of forty hours per week.

27.    Defendants violated the IMWL by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

28.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;

B.    Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    That the Court declare that Defendants have violated the IMWL;

D.    That the Court enjoin Defendants from violating the IMWL

E.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act- Unlawful Deductions
### *Plaintiff on behalf of herself*

Plaintiff incorporates and re-alleges paragraphs 1 through 28 of this Complaint, as though set forth herein.

29.     This Count arises from Defendants' violation of the IWPCA for their failure to pay Plaintiff earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraph 15, *supra*.

30.     During the course of her employment, Plaintiff had an agreement with Defendants to be compensated for all hours worked at the rate agreed to by the parties.

31.     Defendants did not compensate Plaintiff for all hours worked at the rate agreed to by the parties.

32.     Plaintiff was entitled to be paid for all time worked at the rate agreed to by the parties.

33.     Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due Plaintiff as provided by the IWPCA;

B.     Statutory damages as provided by the IWPCA;

C.     That the Court declare that Defendants violated the IWPCA;

D.     That the Court enjoin Defendants from continuing to violate the IWPCA;

E.     Reasonable attorneys' fees and costs as provided by the IWPCA;

F.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 2, 2016

s/Christopher J. Williams
Christopher J. Williams
Alvar Ayala
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys